UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL ALOE SCIENCE COUNCIL, INC.,<br>8630 Fenton Street, Suite 918<br>Silver Spring, Maryland 20910<br><br>Plaintiff,<br><br>v.<br><br>FRUIT OF THE EARTH, INC.,<br>3101 High River Road, Suite 175<br>Fort Worth, Texas 76155<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiff, by its attorneys, complaining of the Defendant, alleges:

## JURISDICTION

1.  This is an action for trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices, arising out of Defendant's unauthorized use of Plaintiff's registered Certification Seal on products, in violation of the Lanham Trademark Act (15 U.S.C. § 1051, et. Seq.) and under the laws of the State of Maryland (*See also* Md. Code Bus. Reg. Sec. 1-414 et. Seq., (trademark infringement) and Md. Code Bus. Reg. Sec. 1-415

(fraudulent use or imitation of trade name)) and under its common law as hereinafter more fully appears.

2. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a). The claims asserted herein arose in this judicial district, and Plaintiff resides and does business in this judicial district and, upon information and belief, the products carrying the unauthorized certification Seal are available for sale in this judicial district.

## PARTIES

3. Plaintiff International Aloe Science Council, Inc. (the "IASC" or "Plaintiff") is a Delaware not-for-profit corporation with its principal place of business at 8630 Fenton Street, Suite 918, Silver Spring, Maryland 20910.

4. The IASC is a trade organization for the worldwide aloe vera industry. As will be set forth later, the IASC is the owner of the federal Certification Seal that has been infringed.

5. The membership of the IASC includes aloe growers, processors, finished goods manufacturers, marketing companies, insurance companies, equipment suppliers, printers, sales organizations, physicians, scientists and researchers. The IASC provides aloe vera content and purity certifications for a multitude of products that contain aloe-vera.

6. Upon information and belief, Defendant Fruit of the Earth, Inc. ("FOTE" or "Defendant") is a Texas corporation with its principal place of business at 3101 High River Road, Suite 175, Fort Worth, Texas 76155. Upon information and belief, FOTE is a manufacturer and distributor of products purportedly containing aloe vera.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b) in that this dispute arises under the Lanham Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

8. This Court may also exercise personal jurisdiction over FOTE because FOTE markets and distributes its products within the state of Maryland pursuant to Md. Courts Jud. Pro. Code Ann. § 6-103 (2011).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because FOTE is subject to personal jurisdiction in this Judicial District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PLAINTIFF'S CERTIFICATION SEAL AND MARK

10. The IASC is the owner of Registration No. 2,620,589, for the following certification mark.



11. The Certification Seal is for use in the certification of the quality of products containing aloe vera. Hereinafter, this registration shall be referred to as the "Certification Seal".

12. The Certification Seal registration was granted by the U.S. Patent and Trademark Office on September 17, 2002, and is based upon use in commerce since 1992. The Certification Seal registration became incontestable as of July 7, 2008. A true and correct copy of the Certification of Registration for the IASC Certification Seal is attached hereto as Exhibit A.

13. The IASC is the owner of Registration No. 2,651,426 for the words **CERTIFIED ALOE CONTENT & PURITY IN THIS PRODUCT**, the text of which is incorporated into the Certification Seal as well.

14. Registration No. 2,651,426 was granted by the U.S. Patent and Trademark Office on October 19, 2002 and is based upon use in commerce since October of 1981. This certification registration became incontestable as of July 7, 2008. A true and correct copy of the Certificate of Registration for this certification word mark is attached hereto as Exhibit B.

15. The Certification Seal and the registration for the word mark are each registered in International Class A, which was created to hold trademarks that perform their function as certification marks. Section 4 of the Trademark Act, 15 U.S.C. §1054, provides for the registration of "certification marks, including indications of regional origin." Section 45 of the Trademark Act, 15 U.S.C. §1127, defines "certification mark" as follows: "The term 'certification mark' means any word, name, symbol, or device, or any combination thereof-- (1) used by a person other than its owner, or (2) which its owner has a bona fide intention to permit a person other than the owner to use in commerce and files an application to register on the principal register established by this Act, to certify regional or other origin, material, mode of

25. Products must be recertified every year. If payment and/or product samples are not received within sixty days after the due date for recertification, product certification will be discontinued. To reestablish certification, an applicant must resubmit an application and subject its product to IASC laboratory analysis as if newly applying.

26. Companies that elect not to recertify their products must remove the seal from products and literature immediately as of the day of decertification. Under the terms of the certification program, applicants agree that products with labels and literature bearing the seal after decertification will be deemed illegal and in violation of the IASC's terms of use.

27. The IASC also certifies facilities after inspection and analysis. Facilities must be recertified every three years. A copy of the IASC facility certification application is attached hereto as Exhibit E.

28. If all of the IASC's conditions for certification are met, the IASC will enter into an agreement with the applicant stating that its specific product has been certified according to the IASC's standards, and grant the applicant, with defined limitations, the right to use the IASC Certification Seal in connection with the applicant's product.

29. The IASC has set high standards for its licensees and thus its goodwill and reputation with consumers is its stock-in-trade. This goodwill and reputation are presented to the public in the form of the Certification Seal.

30. The IASC constantly monitors the marketplace worldwide for unauthorized uses of its Certification Seal and has conducted numerous policing activities to stop such unauthorized uses.

## **DEFENDANT'S INFRINGING ACTIONS**

31.     Defendant FOTE is not approved to have the Certification Seal on any of its products and it has not had such authorization since January 1, 2011.

32.     FOTE previously had authorization to use the Certification Seal on some of its products in accordance with the IASC's requirements. However, since July of 2010, FOTE has failed to submit samples of its products for testing in order to have its products recertified. FOTE also failed to submit samples for and comply with a mandatory testing procedure that was implemented in September 2010.

33.     Due to FOTE's continued noncompliance, the IASC finally decertified all FOTE products on January 1, 2011.

34.     The IASC added the FOTE products to its list of products no longer certified by IASC as of January 1, 2011. This list appears on the IASC website and is relied upon by consumers, retailers and other purchasers.

35.     Nevertheless, upon information and belief, on and after January 1, 2011, FOTE continued to sell its products bearing the Certification Seal.

36.     The IASC received several complaints from consumers regarding FOTE's products bearing the Certification Seal while on the list of products no longer certified.

37.     In the Spring of 2011, as discussions between FOTE and the IASC concerning the Certification Seal failed, and with FOTE continuing to ship products carrying the Certification Seal, counsel to IASC sent a cease and desist letter to FOTE on July 8, 2011.

38.     The IASC, through its counsel, demanded that FOTE remove the Certification Seal from all of FOTE's products and recall any existing products bearing the Seal by July 15,

2011. FOTE failed to comply with these demands. A copy of the first cease and desist letter is attached hereto as Exhibit F.

39. Between July 9 and July 18, 2011, FOTE contacted the IASC to arrange for the recertification of FOTE's products. However, as it had done during 2010, it continued to fail to submit the necessary materials for scientific testing even though reminded to do so.

40. As FOTE had not taken the proper steps to recall its uncertified products, IASC counsel sent FOTE a second cease and desist letter. This letter reiterated the demands and concerns expressed by the IASC. A copy of this second cease and desist letter is attached hereto as Exhibit G.

41. In response, FOTE failed to provide any evidence that it was legitimately trying to comply with the certification program. Moreover, FOTE failed to recall its products unlawfully bearing the Certification Seal.

42. On July 27, 2011, FOTE was sent a third cease and desist letter by the IASC's counsel. The letter acknowledged FOTE's correspondence regarding the matter but made clear that FOTE was still not compliant as it continued to ignore the IASC's repeated and specific demands. A copy of this letter is attached hereto as Exhibit H.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

43. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1-42 of this Complaint.

9

44. FOTE's unauthorized use in commerce of the Certification Seal marks in connection with the marketing and sale of FOTE's products has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the origin, sponsorship or approval of such goods by the IASC, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45. FOTE began its infringing use of the Certification Seal while being in clear violation of the IASC's rules for proper certification and in complete disregard of IASC's rights.

46. At least since the date on which FOTE was first contacted regarding its noncompliance, if not substantially earlier, FOTE has been using the Certification Seal in connection with the marketing and sale of FOTE's products with explicit knowledge that it had no authorization to use such marks.

47. FOTE has actual knowledge of the Certification Seal and of the requirements to obtain the authorization to use the Certification Seal since it first obtained certification for products in 1990.

48. FOTE has continued to use the IASC certification marks in commerce despite being notified that it was in violation of the IASC's terms of use. FOTE's conduct constitutes intentional and willful use of a counterfeit mark within the meaning of 15 U.S.C. §§ 1114, 1116 and 1117.

49. By reason of the forgoing, FOTE's conduct has injured the IASC and aloe vera consumers who rely on the IASC and its Certification Seal as an indicator that a merchant using the Certification Seal or a product bearing the Certification Seal has been supervised, endorsed or approved by the IASC, causing Plaintiff to sustain damages of an extent yet to be determined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

50. Plaintiff incorporates and re-alleges paragraphs 1-49 of this Complaint.

51. FOTE's unauthorized use in commerce of the Certification Seal in connection with the marketing and sale of products constitutes a false designation of origin, a false or misleading description of fact and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake or to cause deception as to the affiliation, connection or association of FOTE with the IASC, or as to the origin, sponsorship or approval by the IASC of FOTE's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. By reason of the foregoing, FOTE's conduct has injured the IASC and aloe vera consumers who rely on the IASC and the Certification Seal as an indicator that a merchant using the marks or a product bearing the mark has been supervised, endorsed or approved by the IASC, causing Plaintiff to sustain damages of an extent yet to be determined.

## COUNT III
## DILUTION OF FAMOUS MARKS UNDER § 43(c) OF LANHAM ACT, 15 U.S.C. § 1125(c)

53. Plaintiff incorporates and re-alleges paragraphs 1-52 of this Complaint.

54. The Certification Seal is famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the Seal is distinctive, has been used for many years in many locations

throughout the world and is widely recognized, has been widely advertised and publicized, and has not been used by any person or entity other than the IASC.

55. After the Certification Seal became famous, FOTE began using the Seal in a manner that causes dilution of the distinctive quality of the mark.

56. Consumers familiar with the Certification Seal have recognized the mark in the marketing of FOTE's products, and have been misled to conclude that FOTE, or its products, are affiliated with or endorsed by the IASC.

57. By reason of the foregoing, FOTE's conduct has caused injury to the IASC and to aloe vera consumers who associate the Certification Seal with FOTE's products under the mistaken belief that those products are affiliated with, endorsed by, or manufactured under the supervision of the IASC.

## COUNT IV
## TRADEMARK INFRINGEMENT AND FRAUDULENT USE UNDER MARYLAND BUSINESS REGULATION SECTIONS 1-414, 1-415

58. Plaintiff incorporates and re-alleges paragraphs 1-57 of this Complaint.

59. By its wrongful actions as described above, FOTE has violated and infringed the IASC's common law rights of the State of Maryland in the Certification Seal by using, without the consent of the registrant, a reproduction or colorable imitation of a mark registered in connection with the sale, offering for sale, or advertising of goods or services in a way that is likely to confuse or deceive about the origin of the goods or services.

60. By reason of the foregoing, FOTE has also violated and infringed the IASC's common law rights of the State of Maryland in the Certification Seal by reproducing or colorably

imitating the Certification Seal and applying the reproduction or colorable imitation to an advertisement, label, package, print, receptacle, sign, or wrapper that is intended to be used with goods or services, or in conjunction with the sale or other distribution of goods or services in the State.

61. Upon information and belief, FOTE intended that the Certification Seal by used to confuse or deceive. By passing off its goods as being affiliated with or endorsed by the IASC, FOTE's conduct is likely to deceive or confuse the aloe vera consumer public, and thereby generate profits that, by for said deception, FOTE would not have received.

62. Upon information and belief, FOTE intended to defraud or imitate a name, title, or trade name that is the same as, or similar to, that used by the IASC.

63. By reason of the foregoing, FOTE's continuing distribution and sale of products after being notified that it was prohibited from doing so, and its failure to comply with the IASC's demands, constitutes willful infringing activity that has caused and will continue to cause immediate, substantial and irreparable injury to the IASC, including irreparable injury to the IASC Certification Seal, its reputation, its goodwill and causing Plaintiff to sustain damages of an extent yet to be determined.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

(1) The Defendant, it officers, agents, servants, employees and all persons in concert or participation with Defendant be preliminarily and permanent enjoined from:

(a) selling or marketing products in any way that tends to deceive, mislead or confuse the public into believing that Defendant's products are in any way sanctioned or certified by Plaintiff; and

(b) otherwise competing unfairly with Plaintiff;

(2) Order FOTE to render an accounting to the IASC of all of FOTE's unauthorized uses of the Certification Seal;

(3) Order FOTE to render an accounting to the IASC of all sales and profits gained from the sale of products bearing or sold in connection with FOTE's unauthorized use of the Certification Seal;

(4) That Defendant be directed to file with this Court and serve on Plaintiff within thirty days after service of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

(5) That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of infringing products;

(6) That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's acts of infringement, unfair competition, deceptive and unfair practices, damage to the IASC Certification Program, interference with Plaintiff's relationships with membership and aloe vera purchasing consumers, including multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 117.

(7) The Defendant be required to deliver up for destruction all products, packaging labels, literature, advertising and other materials bearing the Certification Seal or imitations, reproductions and confusingly similar variations thereof;

(8) Declare this to be an "exceptional" case within the meaning of 15 U.S.C. § 1117(a) and award the IASC its costs and attorneys fees incurred in connection with this action under 15 U.S.C. § 1117(a), and as otherwise permitted by law; and

(9) That Plaintiff have such other, further and different relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests trial by jury on all claims so triable.

Dated: August 15, 2011

*/s/ Jennifer A. Davidson*
Jennifer A. Davidson
Bar # 23012
Kleinfeld, Kaplan and Becker, LLP
1140 19th Street, N.W.
Washington, D.C. 20036
jdavidson@kkblaw.com
Phone: (202) 223-5120
Fax:  (202) 223-5619

Charles H. Knull (Pro Hac Vice)
Ullman, Shapiro & Ullman, LLP
299 Broadway, Suite 1700
New York, NY 10007
chk@usulaw.com
Phone: (212) 571-0068
Fax: (212) 571-9424