## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL ALOE SCIENCE COUNCIL, INC., | § § § | |
| Plaintiff and Counterclaim Defendant, | § | CIVIL ACTION NO. 11-cv-02255-DKC |
| | § | |
| v. | § § | |
| FRUIT OF THE EARTH, INC., | § § | |
| Defendant and Counterclaimant | § | JURY TRIAL |

### ANSWER AND COUNTERCLAIM

Defendant Fruit of the Earth, Inc. ("FOTE") files this Answer and Counterclaim to the Complaint for Damages and Injunctive Relief (the "Complaint") filed by Plaintiff International Aloe Science Council, Inc. (hereafter referred to as "IASC").

### ANSWER

In answer to Plaintiff's Complaint, Defendant FOTE hereby responds as follows to the numbered paragraphs of the Complaint.

### JURISDICTION

1.      FOTE admits that the IASC's Complaint purports to assert claims of trademark infringement, false designation of origin, dilution, unfair competition, and deceptive trade practices against FOTE.  FOTE denies any trademark infringement, false designation of origin, dilution, unfair competition, and deceptive trade practices.  FOTE is without information sufficient to admit or deny the remaining allegations of this paragraph; therefore, FOTE denies them.

2.      FOTE admits that this Court has subject matter jurisdiction but denies that any of its products carry an unauthorized Certification Seal.  FOTE is without information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

**PARTIES**

3.      FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

4.      FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

5.      FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

6.      FOTE denies that it is a Texas corporation with its principal place of business at 3101 High River Road, Suite 175, Fort Worth, Texas 76155.  FOTE admits that it is a manufacturer and distributor of products containing aloe vera.

**JURISDICTION AND VENUE**

7.      FOTE admits this Court has subject matter jurisdiction.  FOTE is without information sufficient to admit or deny the remaining allegations of this paragraph; therefore, FOTE denies them.

8.      FOTE admits this Court has personal jurisdiction.  FOTE is without information sufficient to admit or deny the remaining allegations of this paragraph and denies them.

9.      FOTE admits this Court has venue.  FOTE is without information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

## PLAINTIFF'S CERTIFICATION SEAL AND MARK

10.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

11.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

12.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

13.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

14.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

15.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

16.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

17.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

18.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

19.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

20.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

21.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

22.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

23.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

24.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

25.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

26.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

27.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

28.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

29.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

30.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

## DEFENDANT'S INFRINGING ACTIONS

31.     Denied.

32.     FOTE admits that it had authorization to use the Certification Seal on its products that bore the Certification Seal.  FOTE denies the remaining the allegations of this paragraph.

33.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

34.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

35.     FOTE admits it sold products bearing the Certification Seal after January 1, 2011.  FOTE denies the remaining allegations of this paragraph.

36.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

37.     FOTE admits that it shipped products carrying the Certification Seal in the spring of 2011.  FOTE denies the remaining allegations of this paragraph.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     FOTE admits that it was sent a letter dated July 27, 2011 by the IASC's counsel.  FOTE denies the remaining allegations of this paragraph.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

43.     FOTE refers to and incorporates herein its responses to Paragraphs 1–42 above.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

## COUNT II

## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

50.     FOTE refers to and incorporates herein its responses to Paragraphs 1–49 above.

51.     Denied.

52.     Denied.

## COUNT III

## DILUTION OF FAMOUS MARKS UNDER § 43(c) OF LANHAM ACT, 15 U.S.C. § 1125(c)

53.     FOTE refers to and incorporates herein its responses to Paragraphs 1–52 above.

54.     FOTE is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

55.     Denied.

56.     Denied.

57.     Denied.

**COUNT IV**

**TRADEMARK INFRINGEMENT AND FRAUDULENT USE UNDER MARYLAND BUSINESS**

**REGULATION SECTIONS 1–414, 1–415**

58.    FOTE refers to and incorporates herein its responses to Paragraphs 1–57 above.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

**ADDITIONAL EXPRESS DENIAL**

64.    To the extent not expressly admitted above, FOTE expressly denies every allegation of the Complaint.

**PRAYER FOR RELIEF**

FOTE denies that Plaintiff is entitled to any of the relief requested in its Complaint.

**DEMAND FOR TRIAL BY JURY**

The demand for a jury trial requires no response.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to FOTE's right to plead additional defenses as further discovery may warrant, FOTE hereby asserts the following affirmative defenses.  FOTE reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

1.      FOTE has a license to use Plaintiff's Certification Seal.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has discriminately refused to certify or to continue to certify the goods or services of FOTE under 15 U.S.C. § 1064(5)(D), and thus the decertification was improper.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims for relief are barred by laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff has failed to mitigate damages.

## COUNTERCLAIM FOR
## DECLARATORY JUDGMENT

5.      This counterclaim arises under the Trademark Laws of the United States, 15 USC § 1114, *et seq.*, and the Federal Declaratory Judgment Act, 28 USC § 2201, *et seq.*

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction to hear and decide this Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1338(a).

7.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the IASC resides in this judicial district for purposes of venue, and because a substantial part of the events or omissions giving rise to this claim occurred, and a substantial part of the property at issue is situated, in this judicial district.

## BACKGROUND

8.      There is an actual controversy between FOTE and IASC regarding whether IASC properly declared FOTE decertified from the use of the Certification Seal.  Specifically, there is a dispute regarding:  (1) whether the IASC complied with its own Standard Operating Procedures, (2) whether the FOTE has maintained, and continues to maintain, the standards or conditions which the Certification Seal certifies with respect to the FOTE products marked with the Certification Seal for the years that the FOTE has applied the Certification Seal to its products; (3) whether the IASC's alleged decertification of FOTE in January 2011 complied with the Standard Operating Procedures, was consistent with the past practices of the IASC, and complied with the duties of an owner of a certification mark; (4) whether the IASC's subsequent listing on its website that the FOTE products were decertified complied with the Standard Operating Procedures, was consistent with the past practices of the IASC, and complied with the duties of an owner of a certification mark under applicable law; and (5) whether the IASC has discriminately refused to certify or to continue to certify the goods of FOTE (or any other person) who maintains the standards or conditions which said mark certifies.

9.      For at least five years and until August 5, 2011, FOTE has sold its aloe-containing juice and cosmetic products with the Certification Seal.  In all relevant times, the quality of the goods sold by FOTE using the Certification Seal have met the quality standards certified by the Certification Seal. FOTE has been offering the same products for many years using the same aloe supplier (certified by the

IASC) and the same formulas.  For many years, the FOTE products have been certified and recertified as meeting the quality standards of the IASC.  Until just prior to filing suit, the IASC has never claimed that FOTE did not have the right to use the Certification Seal on the FOTE products.  The IASC has never asserted that the testing it has conducted with respect to the quality of the FOTE products has shown that the FOTE products do not meet the quality standards certified by the Certification Seal, nor has the IASC ever stated that FOTE's products fail to meet the quality standards of the IASC.

10.    The procedures for the administration of the certification process are set forth in the IASC's Certification Program Policies and Operational Procedures (hereinafter the "Standard Operating Procedures"), which include certain procedural rules for certification and recertification.  The Standard Operating Procedures are attached as Exhibit C to the IASC's Complaint.  These procedures are binding on the IASC and must be applied by the IASC in a non-discriminatory fashion.  These Standard Operating Procedures provide procedural protections for participants who seek to continue to maintain certification.  In relevant part, the IASC's Standard Operating Procedures provide that each year the IASC will send an invoice with a specific request for payment, labels, literature, formula and samples (the "Annual Invoice") to a participant such as FOTE:  The relevant provision of the Standard Operating Procedures provides as follows :

An invoice is sent to each active participant sixty (60) days prior to the annual recertification date with a request for the following items needed for certification:

- Payment in full

- 1 Original label for each product displaying the IASC certification seal

- Any literature currently displaying the IASC certification seal

- Copy of formula for each product subject to renewal (Non-Disclosure Agreements (NDAs) can be signed/filed by IASC staff and no confidential or proprietary information will be shared with any other IASC member)

10

The following items are only applicable to those companies utilizing contract manufacturers:

- 4 small (2-4 oz) samples of each of the finished products to be recertified, clearly labeled

- 4 small (2-4 oz) samples of each of the aloe vera raw materials used in each product clearly labeled with product name, lot number and date of manufacture

- Certificate of Analysis for each lot number of the aloe vera raw materials used in each product

- Specification sheet for each of the aloe vera raw materials used in each product

- 1 finished product of each of the products to be recertified in its original container with product label affixed

Standard Operating Procedures, page 10 of 25 (Exhibit C to the IASC's Complaint).

11.     Sending the Annual Invoice is the first step in procedures related to annual recertification.

The Standard Operating Procedures also mandate that a "letter of intent to decertify product(s)" be sent

if the payment is not received within thirty (30) days:

> If payment is not received within thirty (30) days prior to the annual recertification date, a letter of intent to decertify the product(s) will be sent, and manufacturers are required to remove the IASC seal from any product(s) and marketing materials that are no longer certified.  Products unable to remove the seal (engrained onto the label) must cover or otherwise visibly remove the seal.  These products or materials will be added to the decertified list on the IASC website.

Standard Operating Procedures, page 10 of 25 (Exhibit C to the IASC's Complaint).

12.     Each year prior to 2010, the IASC sent an Annual Invoice to FOTE for payment.  In

response to the receipt of each Annual Invoice, FOTE transmitted a check to pay the Annual Invoice.

In 2010, FOTE did not receive the Annual Invoice that would have initiated the annual recertification

procedure.  In addition, at no time did FOTE receive from the IASC a letter of intent to decertify

FOTE's product(s).  Thus, the conditions precedent as set forth in the Standard Operating Procedures of

IASC have never been met for the decertification of FOTE because (1) FOTE did not fail to pay a

properly submitted Annual Invoice from 2010 (or any time) and (2) the IASC never sent a Letter of Intent to Decertify FOTE's products.

13.     In late 2010, consistent with FOTE's belief that it was still certified and fully compliant with IASC certification requirements and, upon information and belief, IASC's belief that FOTE was still certified and compliant, the IASC submitted an invoice to FOTE for random testing of FOTE's product and the invoice was paid by FOTE with a check dated in December 2010.

14.     On January 1, 2011, despite failing to comply with its own Standard Operating Procedures in 2010 (e.g., the transmittal of an Annual Invoice and a Letter to Decertify), the IASC wrongfully decertified FOTE.  At the time of such decertification, the IASC did not promptly notify FOTE in writing of such decertification or even provide FOTE with an opportunity to be heard to explain why it had not paid or submitted samples for testing.   Soon after this improper act of decertification, the IASC wrongfully informed the consuming public by way of the IASC website that FOTE was no longer certified, thereby causing consumers to wrongfully believe that the FOTE products did not meet the quality standards of the Certification Seal, when in fact they have always met and continue to meet such standard.  Upon information and belief, the IASC has never decertified any other participant without first issuing an Annual Invoice and Letter of Intent to Decertify, and thus the IASC's treatment of the FOTE has been discriminatory.

15.     Approximately six (6) months after such wrongful decertification, on Friday July 8, 2011, the IASC transmitted via Federal Express its first written demand that FOTE cease all use of the Certification Seal and recall all FOTE products bearing the Certification Seal that were shipped since the date of the wrongful decertification.  The IASC sent this notice despite having never sent an Annual Invoice in 2010 or a Letter of Intent to Decertify for failure to make payment for such Annual Invoice.

Instead, the IASC asserted FOTE's participation in the IASC's program had been "terminated" by FOTE and wrongfully demanded that FOTE cease all use of the Certification Seal.  This letter was attached to the IASC's Complaint as Exhibit F.   In response to this letter, FOTE attempted to resolve the matter.  In keeping with the Standard Operating Procedures, FOTE requested an invoice be sent to FOTE, and such an invoice was sent for the first time by the IASC to FOTE on July 12, 2011. Subsequently, a revised invoice was sent by the IASC on July 14, 2011 to reflect all of the FOTE products.  FOTE transmitted payment of the invoice with a check dated July 15, 2011 and on August 18, 2011, FOTE transmitted the remaining information and samples as part of an application for certification.

16.     On August 2, 2011, counsel for FOTE wrote to the IASC explaining that the FOTE had paid all of the invoices it had received from the IASC.  This letter is attached as Exhibit 1 and provides in relevant part:

> Fruit of the Earth shares the same mutual desire expressed in your letter to amicably resolve any issues between our company and the IASC.  Fruit of the Earth has participated in the IASC's certification program, has had its products certified for years and sources it aloe from an IASC-certified supplier.  Fruit of the Earth has been invoiced by the IASC every year going back several years and has paid all invoices, including the most recent one dated July 14, 2011.  . . . In short, Fruit of the Earth believes its use of the IASC seal has been authorized by the IASC.

17.     In reviewing the invoices it had received from the IASC, FOTE determined that no invoice had been sent in 2010 other than an invoice received from the IASC for the aforementioned random testing of the FOTE product by the IASC, , which, as noted above, was paid by FOTE in December 2010, shortly before the IASC wrongfully decertified FOTE.  Accordingly, Counsel for FOTE emailed counsel for the IASC on August 5, 2011 and notified the IASC that the decertification

action by the IASC as of January 1, 2011 was not in compliance with the IASC's Standard Operating Procedures:

> The products at issue have been certified by the IASC for years and the formulas haven't changed. Fruit of the Earth contends that the products are still certified and that any decertification action by the IASC was inappropriate. The IASC's own SOP required it to invoice Fruit of the Earth sixty (60) days prior to the recertification date. We have no record of any unpaid invoices for recertification. Indeed, as I stated before, Fruit of the Earth has paid all invoices it received from the IASC. In fact, Fruit of the Earth Paid an invoice in the last quarter of 2010 for random testing of its product by the IASC.

In addition, the IASC never sent a letter of intent to decertify.

18.     To date, notwithstanding the foregoing communication from counsel for FOTE to counsel to the IASC, the IASC has not provided any documentation that an Annual Invoice regarding 2010 recertification was ever sent to FOTE and went unpaid.   To date, the IASC has not provided any documentation that a letter of intent to decertify was sent prior to the wrongful decertification.

19.     In the interest of resolving this matter, in early August, until this matter could be resolved with the IASC and the recertification was processed for the FOTE products that meet the standards of the Certification Seal, FOTE ceased distributing product bearing the Certification Seal by affixing a label over the Certification Seal.

20.     As of the date of this Answer, the IASC has yet to inform FOTE that its pending application for certification has been granted and to date, the IASC has not cashed the check in payment for such application.   Upon information and belief, the IASC is singling out the FOTE in a discriminatory fashion in how it is handling this present application.

21.     An actual controversy has arisen between FOTE and IASC regarding whether IASC properly declared FOTE decertified from the use of the Certification Seal.   Specifically, there is a dispute regarding:  (1) whether the IASC complied with its own Standard Operating Procedures, and

more specifically (a) whether the IASC failed to send an invoice to FOTE sixty days prior to the annual recertification date in 2010 with a request for payment and other items set forth in the Standard Operating Procedures as the IASC had done in prior years for annual recertification, and (b) whether the IASC also failed to send a letter of intent to decertify the FOTE products because payment was not received within thirty days prior to the annual recertification date for 2010; (2) whether FOTE has maintained, and continues to maintain, the standards or conditions which the Certification Seal certifies with respect to the FOTE products marked with the Certification Seal for the years that FOTE has applied the Certification Seal to its products; (3) whether, in light of the foregoing, the IASC's decertification of FOTE in January 2011 without any written notice prior to such decertification complied with the IASC's Standard Operating Procedures; (4) whether the IASC's subsequent listing on its website that the FOTE products were decertified failed to comply with the Standard Operating Procedures, the past practices of the IASC with respect to all participants, or the IASC's duties as the owner of a certification mark under applicable law to the users of the Certification Seal; and (5) whether the IASC has discriminately refused to certify or to continue to certify the goods of FOTE (or any other person) who maintains the standards or conditions which said Certification Seal certifies.

22.     FOTE seek a declaratory judgment that:

(a) The IASC failed to comply with the steps for decertification as set forth in the IASC's Standard Operating Procedures;

(b) The FOTE products have always met the quality standards or conditions which the Certification Seal certifies;

(c)  The IASC did not have the right to decertify the FOTE products as of January 1, 2011 and the goods of the FOTE sold since January 1, 2011 are hereby confirmed as certified to have used the Certification Seal; and

(d) The IASC discriminately refused to certify and/or to continue to certify the goods of FOTE for which FOTE maintains the standards or conditions which the Certification Seal certifies.

23.    FOTE also seeks relief from the Court in the form of an order ordering the IASC to treat the goods of the FOTE as certified to use the Certification Seal, to remove the statement on its website that the goods of FOTE have been decertified, and to correct its website to state that the goods of FOTE are certified.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERTED, FOTE prays that:

A.    Plaintiff's Complaint be dismissed, with prejudice;

B.    Judgment be entered in favor of FOTE declaring that:

(a) The IASC failed to comply with the steps for decertification as set forth in the IASC's Standard Operating Procedures;

(b) The FOTE products have always met the quality standards or conditions which the Certification Seal certifies;

(c)  The IASC did not have the right to decertify the FOTE products as of January 1, 2011 and the goods of the FOTE sold since January 1, 2011 are hereby confirmed as certified to have used the Certification Seal; and

(d) The IASC discriminately refused to certify and/or to continue to certify the goods of FOTE for which FOTE maintains the standards or conditions which the Certification Seal certifies.

C.    Order the IASC to treat the goods of the FOTE as certified to use the Certification Seal, to remove the statement on its website that the goods of FOTE have been decertified, and to correct its website to state that the goods of FOTE are certified;

D.    Declare this case to be an "exceptional" case within the meaning of 15 U.S.C. 1117(a) and award FOTE its' costs and attorneys fees incurred in connection with this action under 15 U.S.C. 1117(a) and as otherwise permitted by law; and

E.    FOTE have such other and further relief as is just and proper.

## JURY DEMAND

FOTE requests a trial by jury on all matters raised in its Answer, Affirmative Defenses, Counterclaim, or in Plaintiff's Complaint.

Dated: October 3, 2011

Respectfully submitted,

By: /s/ Alden L. Atkins

Alden L. Atkins
Attorney-in-Charge
Email: aatkins@velaw.com
Bar No. 18219
Crystal Y'Barbo
Email : cybarbo@velaw.com
Bar No. 18256
VINSON & ELKINS, L.L.P.
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037-1701
Phone: 202-639-6613
Facsimile: 202-879-8813
**ATTORNEYS FOR DEFENDANT**
**FRUIT OF THE EARTH, INC.**

**OF COUNSEL to DEFENDANTS**
**FRUIT OF THE EARTH, INC.**
Peter E. Mims (Pro Hac Vice pending)
Email:  pmims@velaw.com
Texas State Bar No. 14173275
VINSON & ELKINS, L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Phone: 713-758-2732
Facsimile: 713-615-5703

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of October, 2011, I caused a true and correct copy of the foregoing ANSWER AND COUNTERCLAIM to be electronically served upon the following, via the Court's CM/ECF system per Local Rule 102(1)(c):

> Jennifer A Davidson
> Kleinfeld Kaplan and Becker LLP
> 1140 19th St NW
> Washington, DC 20036
> Email: jdavidson@kkblaw.com
>
> Charles H Knull
> Ullman Shapiro and Ullman LLP
> 299 Broadway Ste 1700
> New York, NY 10007
> Email: chk@usulaw.com
>
> **ATTORNEYS FOR PLAINTIFF**
> **INTERNATIONAL ALOE SCIENCE COUNCIL, INC.**
>
>
> */s/ C.N. Y'Barbo*
> Crystal N. Y'Barbo

18