```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MARYLAND
---------------------------------------------------x
INTERNATIONAL ALOE SCIENCE          :
COUNCIL, INC.                       :
                                    :
              Plaintiff,            :    CIVIL ACTION NO. 11-cv-02255-DKC
                                    :
    -v-                             :
                                    :
FRUIT OF THE EARTH, INC.,           :
                                    :
              Defendant.            :
---------------------------------------------------x
```

**ANSWER TO COUNTERCLAIM**
**(Beginning with paragraph 2 on page 8 of**
**Defendant's Answer and Counterclaim)**

This reply is made by Plaintiff/Counterclaim-Defendant, International Aloe Science Council, Inc. ("Plaintiff" or "IASC") to the Answer and Counterclaim filed by Defendant/Counterclaimant, Fruit of the Earth, Inc. ("Defendant" or "FOTE") on October 3, 2011.

As a preliminary matter, Plaintiff notes that several paragraphs in Defendant's Counterclaim contain multiple, distinct allegations, contrary to the requirement set out in Rule 8(d)(1) of the Federal Rules of Civil Procedure that each allegation be "simple, concise, and direct." This inconsistency makes it difficult for Plaintiff to respond as Rule 8(b) would require.

Plaintiff, by its attorneys, as and for its Reply to the Counterclaims made by Defendant respectfully replies as follows:

1

2. Denies the allegations contained in paragraph 2, to the extent that Defendant's Second Affirmative Defense might be treated as a counterclaim under the Federal Rules of Civil Procedure Rule 8(c)(2).

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. Admits that there exists a controversy, but otherwise denies all characterizations of said controversy and all allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Admits that the Standard Operating Procedures document is Exhibit C to IASC's Complaint and that this document speaks for itself, but otherwise denies all allegations and conclusions contained in paragraph 10.

11. Admits that there is a Standard Operating Procedures document and that this document speaks for itself, but otherwise denies all allegations and conclusions contained in paragraph 11.

12. Denies the allegations and conclusions contained in paragraph 12 and notes that at least since the beginning of May 2010 there was continuous communication between IASC and FOTE, including but not limited to correspondence between IASC and FOTE's consultant and principals concerning IASC's intent to decertify FOTE if FOTE did not submit samples and payments for continued certification.

13. Denies the allegations and conclusions contained in paragraph 13 and notes that at least since the beginning of May 2010 there was continuous communication between IASC and FOTE, including but not limited to correspondence between IASC and FOTE's consultants and principals concerning IASC's intent to decertify FOTE. For example, attached hereto as Exhibit A is IASC's notice to FOTE of Product Decertification dated December 12, 2010 and the prior warning of November 2, 2010, that product certification materials had been due July 28, 2010.

14. Denies the allegations and conclusions contained in paragraph 14 and notes that at least since the beginning of May 2010 there was continuous communication between IASC and FOTE, including but not limited to correspondence between IASC and FOTE's consultants and principals concerning IASC's intent to decertify FOTE.

15. Admits that a letter was sent by IASC's counsel to FOTE via Federal Express on July 8, 2011. Admits that an invoice was sent to FOTE on July 12, 2011, but denies the characterization of the invoice. Denies all other allegations, characterizations and conclusions contained in paragraph 15.

16. Admits that counsel for FOTE sent a letter to IASC on August 2, 2011, and that this document speaks for itself. Denies all other allegations contained in paragraph 16. Notes that counsel for IASC responded via Federal Express and e-mail on August 3, 2011 (see Exhibit B) and refuted the statements made in FOTE's August 2, 2011 letter.

17. Admits only its receipt of the August 5, 2011 e-mail referenced in paragraph 17 and otherwise denies the remaining allegations and conclusions contained in paragraph 17.

18. Denies the allegations and conclusions contained in paragraph 18 and notes that at least since the beginning of May 2010 there was continuous communication between IASC and FOTE, including but not limited to correspondence between IASC and FOTE's consultants and principals concerning IASC's intent to decertify FOTE. Attached as Exhibit C is IASC's request to FOTE for samples for aloin testing dated December 12, 2010, and the ensuing Notice of Intent to Decertify sent to FOTE's consultant on January 14, 2011. These communications followed a general notice to all certification program participants on November 16, 2010 which was notification of the institution of a program of aloin testing (approved by the IASC Board of Directors six months earlier) which required that samples of all certified products meant for oral consumption be submitted in order that IASC perform aloin testing upon them.

19. Denies having knowledge as to the truth or falsity of the allegations in paragraph 19 and consequently denies the same.

20. Denies the allegations contained in paragraph 20.

21. Admits that there is a controversy but denies the characterization of the controversy and denies all other allegations and conclusions contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

## AFFIRMATIVE DEFENSES

1. The counterclaims do not state claims upon which relief can be granted.

2. The counterclaims are barred by Defendant/Counterclaimant's unclean hands.

3. The counterclaims are barred by the doctrine of estoppel.

4. The counterclaims are barred by the doctrine of laches.

WHEREFORE, Plaintiff/Counterclaim-Defendant prays that the Court declare, and that a judgment as to the counterclaims be entered as follows:

(A) Defendant/Counterclaimant's counterclaims be dismissed with prejudice;

(B) Defendant/Counterclaimant be required to pay Plaintiff's costs, expenses and reasonable attorney fees in connection with said counterclaims and this action as provided in 15 U.S.C. sec. 1117;

    (C)    Plaintiff have such other, further or different relief which to this court, in the sound exercise of its discretion and in applying the principles of equity, deems just and proper in the premises.

Dated:    New York, New York
October 21, 2011

    Respectfully submitted,

    _/Charles H Knull/_____

    Charles H. Knull (Pro Hac Vice)
Ullman, Shapiro & Ullman, LLP
299 Broadway, Suite 1700
New York, NY 10007
chk@usulaw.com
Phone: (212) 571-0068
Fax: (212) 571-9424

    Jennifer A. Davidson
Bar # 23012
Kleinfeld, Kaplan and Becker, LLP
1140 19th Street, N.W.
Washington, D.C. 20036
jdavidson@kkblaw.com
Phone: (202) 223-5120
Fax: (202) 223-5619