IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **INTERNATIONAL ALOE SCIENCE COUNCIL, INC.,** § § § | | |
| Plaintiff and Counterclaim Defendant, § § | CIVIL ACTION NO. 11-cv-02255-DKC | |
| **v.** § § | | |
| **FRUIT OF THE EARTH, INC.,** § § | | |
| Defendant and Counterclaimant § | JURY TRIAL | |

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this ____ day of _____, ____, by the United States District Court for the District of Maryland, ORDERED:

1.  Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a)  The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or

other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)   Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)   Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) and (e) below for any purposes whatsoever other than preparing for and

conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

  (iv) Disclosure may be made to a consultant, investigator, or expert that is not a competitor of a Party or employed by, under contract with, or consulting with a company, person or entity that is a competitor of a Party (hereinafter referred to collectively as "experts") and that is employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence, and at the time of the designation of such expert as a testifying expert or at the conclusion of this proceeding, whichever occurs earliest, a copy of such signed undertaking shall be provided to the producing party whose documents were provided to the expert

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "HIGHLY CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

  (i) The Executive Director for the IASC and the General Counsel for FOTE may review the "HIGHLY CONFIDENTIAL" Information of the other party. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

  (ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person

engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iii)   Disclosure may be made to a consultant, investigator, or expert that is not a competitor of a Party or employed by, under contract with, or consulting with a company, person or entity that is a competitor of a Party (hereinafter referred to collectively as "experts") and that is employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence, and at the time of the designation of such expert as a testifying expert or at the conclusion of this proceeding, whichever occurs earliest, a copy of such signed undertaking shall be provided to the producing party whose documents were provided to the expert.

(f)   Except as provided in subparagraph (d) and (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under his Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that word does not already appear.

2.     "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.     Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.     Challenging Designation of Confidentiality. A designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.     Return of Confidential or Highly Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order

and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6.  Non-waiver of privilege for inadvertently disclosed materials. Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7.  Return of inadvertently disclosed materials. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option.  If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

| | |
|---|---|
| KANE KESSLER, P.C. | VINSON & ELKINS L.L.P. |
| By: /s/ Jeffrey H. Daichman<br>Jeffrey H. Daichman (Pro Hac Vice)<br>jdaichman@kanekessler.com<br>KANE KESSLER, P.C.<br>1350 Avenue of the Americas<br>New York, New York 10019<br>212-519-5142<br>212-245-3009 (fax)<br><br>ATTORNEYS FOR PLAINTIFF<br>INTERNATIONAL ALOE SCIENCE<br>COUNCIL, INC.<br><br>November 30, 2011 | By: /s/ Alden L. Atkins<br>Alden L. Atkins (Bar No. 18219)<br>aatkins@velaw.com<br>Crystal Y'Barbo (Bar No. 18256)<br>c.ybarbo@velaw.com<br>VINSON & ELKINS L.L.P.<br>2200 Pennsylvania Avenue, NW<br>Suite 500 West<br>Washington, DC 20037<br>202-639-6613<br>202-879-8813 (fax)<br><br>Peter E. Mims (Pro Hac Vice)<br>pmims@velaw.com<br>VINSON & ELKINS, L.L.P.<br>2500 First City Tower<br>1001 Fannin<br>Houston, Texas 77002-6760<br>713-758-2732<br>713-615-5703 (fax)<br><br>ATTORNEYS FOR DEFENDANT<br>FRUIT OF THE EARTH, INC. |

_____
UNITED STATES DISTRICT JUDGE