UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

May 23, 2012

**VIA CM/ECF**

Jennifer A. Davidson, Esq.
Kleinfeld Kaplan and Becker LLP
1140 19th St., NW
Washington, DC 20036

Adam Moss Cohen, Esq.
Dana M. Susman, Esq.
Jeffrey Howard Daichman, Esq.
Kane Kessler PC
1350 Avenue of the Americas 26th Fl.
New York, NY 10019

Linda M. Dougherty, Esq.
Marc S. Ullman, Esq.
Ullman Shapiro and Ullman LLP
299 Broadway Ste. 1700
New York, NY 10007

Alden L. Atkins, Esq.
Crystal N. Y. Barbo, Esq.
Deirdre Marie Dorval, Esq.
Vinson and Elkins LLP
2200 Pennsylvania Ave., NW, Ste. 500 West
Washington, DC 20037

Peter E. Mims, Esq.
Vinson and Elkins LLP
1001 Fannin St. Ste. 2500
Houston, TX 77002

Re:   *Int'l Aloe Science Council, Inc. v. Fruit of the Earth, Inc.*
      Civil Action No.: DKC-11-2255

Dear Counsel:

   Defendant asks the Court to order Plaintiff to produce "notes" drafted by Plaintiff's expert. Def.'s 05/11/12 Ltr. (ECF No. 59); Def.'s 05/14/12 Ltr. (ECF No. 61). I have considered counsel's letters to the Court, applicable law, Plaintiff's *in camera* submissions of the "notes," and counsel's arguments at the May 16, 2012, hearing. The Court **DENIES** Defendant's request.

   Rule 26(b)(4) of the Federal Rules of Civil Procedure protects as work product an expert's draft report and disclosures, as well as "communications between the party's attorney and any witness required to provide a report . . . regardless of the form of the communications." Fed. R. Civ. P. 26(b)(4). A party must, however, produce attorney-expert communications which

   (i) relate to compensation for the expert's study or testimony;

*Int'l Aloe Science Council, Inc. v. Fruit of the Earth, Inc.*
Page 2 of 3
May 23, 2012

> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C).

The advisory committee notes provide that one of the purposes of adding Rule 26(b)(4)(C) is to protect attorney-expert communications: "The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." Fed. R. Civ. P. 26 2010 advisory committee notes. The committee cautions, however, that this new protection and the protection of draft expert reports and disclosures "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." *Id*. Thus, notes taken by an expert while "testing . . . material involved in litigation . . . would not be exempted from discovery by this rule." *Id*.

Therefore, in determining whether notes are discoverable, the first question is whether the expert created, used, or considered the notes, or information in the notes, in forming her opinion. As one author writes, the new rule seeks "to make working with expert witnesses easier, expert-intensive litigation less expensive, and expert discovery *more focused on the actual opinions themselves*." Damon W. D. Wright, *Expert Discovery Returns to the Past*, Fed. Law., Jan. 2011, at 33 (emphasis added). Hence, Rule 26(b)(4)(C)(iii) permits an attorney to discover the assumptions on which an expert relied in forming her opinions, but not her discussions with counsel regarding "hypotheticals, or exploring possibilities based on hypothetical facts." *Id*. at 34 (internal quotation marks omitted); *see also id*. at 33 ("[C]ounsel's 'theories or mental impressions' about 'facts or data' appear to be protected; even though 'facts or data' are not protected" and "'communications about the potential relevance of the facts or data are protected.'" (quoting Rule 26 advisory committee notes)).

Here, Plaintiff has provided the Court with three sets of "notes" taken by Plaintiff's expert. According to Plaintiff's counsel, the first is a "refutation" of Defendant's expert report; the second is a list of questions that Plaintiff's expert suggests that Plaintiff should ask Defendant's expert at his deposition; and the third is an analysis of whether Defendant's expert's supplemental analysis was different from his original analysis. On review of the documents *in camera*, they seem to be as Plaintiff's counsel described.

Under Rule 26(b)(4), these "notes" are work product. Plaintiff's counsel purportedly requested that Plaintiff's expert aid counsel preparing for the deposition of Defendant's expert and in determining whether Defendant's expert had provided a new analysis in his latest supplemental report. Plaintiff's expert then drafted "notes" to communicate to counsel his analyses on Defendant's report and supplemental report and his questions to best depose

*Int'l Aloe Science Council, Inc. v. Fruit of the Earth, Inc.*
Page 3 of 3
May 23, 2012

Defendant's expert. Plaintiff asserts that its expert will not testify at trial as to any of the opinions articulated in the "notes." Thus, the exceptions to Rule 26(b)(4)(C) do not apply. The purpose of the rule – to make available facts and assumptions that an expert considered in forming his testimonial opinions – would not be fulfilled if Plaintiff provided these "notes" to Defendant.

Defendant argues that Plaintiff should produce the "notes" because they relate to Plaintiff's opinions criticizing the analyses of Defendant's expert. *See* Def.'s 05/14/12 Ltr.; Def.'s 05/11/12 Ltr. However, Plaintiff's expert purportedly did not draft the "notes" in developing the opinions *that he will provide at trial*. Rather, he drafted the "notes" to prepare Plaintiff's counsel for deposing Defendant's expert and to help counsel understand the reports provided by Defendant's expert. Thus, the "notes" are protected work product.

For these reasons, the Court **DENIES** Defendant's request for production of Plaintiff's expert's "notes." Despite the informal nature of this letter, it should be docketed as an Order of the Court.

/s/
Charles B. Day
United States Magistrate Judge

CBD/MKH